In the
United States Court of Appeals
For the Eighth Circuit

No. 25-1006

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEREMY JANTILE BURTON,

Defendant-Appellant.

Appeal from the United States District Court
for the District of Minnesota

REPLY BRIEF OF DEFENDANT-APPELLANT

MATTHEW DEATES
Assistant Federal Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858

*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

TABLE OF CITATIONS ......................................................................................... iii

ARGUMENT IN REPLY ..........................................................................................1

I. The government misstates the standard of review.
...................................................................................................................1

II. The government mischaracterizes the first issue on appeal.
...................................................................................................................2

CONCLUSION ..........................................................................................................5

Certificate of Compliance ..........................................................................................7

Certificate of Service ..................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

*Chapman v. California*, 386 U.S. 18 (1967)..................................................................5

*United States v. Bah*, 439 F.3d 423 (8th Cir. 2006).......................................................5

*United States v. Barta*, 888 F.2d 1220 (8th Cir. 1989)..................................................1

*United States v. Bull*, 8 F.4th 768 (8th Cir. 2021) ........................................................1

*United States v. Collier*, 533 F. App'x 690 (8th Cir. 2013) .........................................2

*United States v. Haidley*, 400 F.3d 642 (8th Cir. 2005) ...............................................5

*United States v. Klein*, 13 F.3d 1182 (8th Cir. 1994) ...................................................2

*United States v. Morales*, 808 F.3d 362 (8th Cir. 2015)...............................................1

*United States v. Reed*, 991 F.2d 399 (7th Cir. 1993) ...................................................3

*United States v. Turning Bear*, 357 F.3d 730 (8th Cir. 2004) .....................................5

*Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306 (8th Cir. 1997).............................1

**Statutes**

18 U.S.C. § 922.................................................................................................................2

**Rules**

Federal Rule of Evidence 702..........................................................................................2

# TABLE OF CITATIONS

**Abbreviation**                                                                 **Description**

8th Cir. EID ............................................ Eighth Circuit Entry Identification Number

Def. Br. .................... Opening Brief of Defendant-Appellant (8th Cir. EID 5536293)

Gov. Br. ........................... Responsive Brief of Government (8th Cir. EID 5505321)

R. Doc. ......... District Court Record Docket Entry (No. 23-CR-347-PJS (D. Minn.))

Trial Tr. ............................................................ Transcript of Jury Trial (vol.#:pg.#)

**ARGUMENT IN REPLY**

Defendant-Appellant Jeremy Burton respectfully submits this Reply Brief, both to support the issues presented in his opening brief, ("Def. Br.," *available at* 8th Cir. EID 5536293), and in reply to the government's submission, ("Gov. Br.," *available at* 8th Cir. EID 5505321).

I. **The government misstates the standard of review.**

The government says this Court should accord "substantial deference" to the district court's decision to exclude Mr. Burton's expert witness, Dr. Peter Vos, PhD. Gov. Br. at 21 (citing *United States v. Bull*, 8 F.4th 768 (8th Cir. 2021); *United States v. Morales*, 808 F.3d 362, 365 (8th Cir. 2015)). While that may be true as a general matter, the substantial-deference standard does not apply to Mr. Burton's case because excluding Dr. Vos's testimony created an "improper infringement of [Mr. Burton's] right to present a defense." *See United States v. Barta*, 888 F.2d 1220, 1223 (8th Cir. 1989). As explained in the opening brief and below, Dr. Vos's proffered testimony was not only relevant, but crucial, to supporting Mr. Burton's primary defense at trial. Def. Br. at 18–20. Accordingly, this Court should apply a stricter standard of review in line with circuit precedent. *See Barta*, 888 F.2d at 1223; *see also, e.g.*, *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) ("The exclusion of an expert's opinion is proper only if it is so fundamentally

unsupported that it can offer no assistance to the jury." (cleaned up) (citing Fed. R. Evid. 702)).

II.     **The government mischaracterizes the first issue on appeal.**

Just as it did before the district court, the government invents its own purpose for Dr. Vos's testimony, and then offers an argument against that invented purpose: the government says because voluntary intoxication does not negate the *mens rea* required under the felon-in-possession statute, the district court properly excluded Dr. Vos's testimony. Gov. Br. at 22–28 (citing, *inter alia*, *United States v. Klein*, 13 F.3d 1182, 1183 (8th Cir. 1994); *United States v. Collier*, 533 F. App'x 690 (8th Cir. 2013)).

The problem for the government, however, is that is not what Mr. Burton has argued. As clearly stated in the opening brief, Mr. Burton does not dispute the principle that voluntary intoxication does not negate the knowledge required by 18 U.S.C. § 922(g). Def. Br. at 18 (citing *Klein*, 13 F.3d at 1183; *Collier*, 533 F. App'x at 691). Instead, Dr. Vos's testimony was relevant to Mr. Burton's principal trial defense—that somebody had planted the charged firearm while he was unconscious. (R. Doc. 126 at 8). Dr. Vos would have explained the results of Mr. Burton's drug screen, the substances he tested positive for, the impact those substances had on his mental and physical condition, as well as the time frame during which Mr. Burton would have been in such a vulnerable state. (R. Doc. 80-1 at 5). This, in turn, would

have supported Mr. Burton's theory of defense that somebody planted the charged firearm without his knowledge.

In other words, Dr. Vos's proffered testimony was crucial to countering the government's ability to prove, beyond a reasonable doubt, that Mr. Burton had "knowingly possessed" the charged firearm. As the Seventh Circuit recognizes, if a defendant charged with unlawful firearm possession "were comatose and the evidence indicated someone dropped the gun in his lap," evidence of intoxication might be admissible to support a defense to the charge. *United States v. Reed*, 991 F.2d 399, 401 (7th Cir. 1993).

The evidence at trial indicated that someone had planted the charged firearm. *See id.* Mr. Burton testified and spoke about the moments leading up to his overdose on July 7, 2023. He explained he was using methamphetamine with a friend and her "associate." 2:Trial Tr. at 344. When Mr. Burton's friend left to take a shower, the associate offered what he believed to be cocaine and, upon Mr. Burton using the "cocaine," he lost consciousness. *Id.* at 345–46. Mr. Burton did not know this associate, *id.* at 344, and, in closing, the defense argued he could have planted the charged firearm, *id.* at 439–40.

Mr. Burton also testified at length about his numerous previous interactions with the Mille Lacs Tribal Police, some of which he explained constituted "harassment." *Id.* at 345–66. Two of the tribal officers present at some of these

3

previous interactions were Sergeant Dusty Burton and Officer Rosnau, the same two officers on the scene of Mr. Burton's overdose on July 7, 2023. *Id.* at 349–52.

Mr. Burton spoke about his lawsuit against the Mille Lacs Tribal Police Department for wrongful arrest and conviction. *Id.* at 362. This provided context for his July 7, 2023 interaction with Sgt. Burton and Officer Rosnau, where the officers expressed regret that, owing to Minnesota's good Samaritan law, Mr. Burton could not be charged with any of the drugs found with him at the scene of the overdose. *Id.* at 408. Indeed, Mr. Burton recounted, one of the officers exclaimed on scene, "This [expletive] is not even going to get probation. . . . Is there anything we can do about it?" *Id.*

Mr. Burton also spoke of a particular incident where one tribal officer had her body-worn camera on, which he believed changed the course of events and made his interaction with tribal police more positive. *Id.* at 356–57. This contrasted with the events of July 7, 2023, where Officer Rosnau failed to activate his body-worn camera until after Mr. Burton had been taken away in the ambulance, 1:Trial Tr. at 122, and where Sgt. Burton failed to activate his camera until after Mr. Burton received the second dose of Narcan, *id.* at 34. In closing, the defense argued this lack of recording provided an opportunity for officers to plant the charged firearm on Mr. Burton. 2:Trial Tr. at 442–44. With evidence of tribal officers' motive to plant the gun being their history of negative interactions with Mr. Burton, including his suing the Mille

4

Lacs Tribal Police Department, and their opportunity to plant the charged firearm, Dr. Vos's testimony was the only piece missing to inform the jury about Mr. Burton's susceptibility, both mentally and physically, to somebody planting the charged firearm. The district court's decision to preclude Dr. Vos's testimony to support Mr. Burton's primary trial defense thus violated the Fifth and Sixth Amendments.[1] *See United States v. Turning Bear*, 357 F.3d 730, 733 (8th Cir. 2004). Mr. Burton respectfully requests that this Court reverse and remand for a new trial. *See id.* at 742.

## CONCLUSION

Accordingly, Mr. Burton respectfully requests that the Court vacate the judgment of conviction, and remand to the district court for any necessary proceedings.

---

[1] Notably, the government's brief makes no effort to argue this error was harmless, even though it is the government's burden to prove harmless error. *See United States v. Haidley*, 400 F.3d 642, 644 (8th Cir. 2005); *see also United States v. Bah*, 439 F.3d 423, 430 (8th Cir. 2006) ("The party benefitting from the error has the burden to prove that it was harmless." (cleaned up)). Where, as here, the error is of constitutional magnitude, "the government is required to prove the error was harmless beyond a reasonable doubt." *See Haidley*, 400 F.3d at 644 (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)).

Dated: August 15, 2025    Respectfully submitted,

*s/Matthew Deates*
_____
Assistant Federal Defender
Office of the Federal Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858

*Counsel for Defendant-Appellant*

In the
United States Court of Appeals
For the Eighth Circuit

| United States of America, | ) | |
| --- | --- | --- |
| | ) | No. 25-1006 |
| Plaintiff-Appellee, | ) | |
| | ) | **CERTIFICATE OF COMPLIANCE** |
| vs. | ) | |
| | ) | |
| Jeremy Jantile Burton, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

1.  This document complies with the type-volume limitation of FRAP 32(a)(7)(B). Excluding the items listed in FRAP 32(f), this brief contains 1,218 words.

2.  This document complies with the typeface requirements of FRAP 32(a)(5) and type-style requirements of FRAP 32(a)(6). This document has been prepared in proportionally spaced typeface, using Microsoft Word, in a 14-point Times New Roman style.

3.  The electronic version of this document has been scanned for viruses, and the scan indicates the electronic version is virus free.

Dated: August 15, 2025          *s/Matthew Deates*

                                Assistant Federal Defender

In the
United States Court of Appeals
For the Eighth Circuit

| United States of America, | ) | |
| --- | --- | --- |
| | ) | No. 25-1006 |
| Plaintiff-Appellee, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| Jeremy Jantile Burton, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

I hereby certify that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Jeremy Burton

Dated: August 15, 2025                     *s/Matthew Deates*

                                                                     Assistant Federal Defender